**Dalip KARPUZI, Petitioner,**

v.

**Alberto GONZALES, United States
Attorney General, Respondent.**

No. 06–2781–ag.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2007.

Romben Aquino, Ferro & Cuccia, New York, New York, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Dalip Karpuzi, a citizen of Macedonia, seeks review of a May 15, 2006 order of the BIA affirming the November 29, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his application for relief under Article 3 of the Convention Against Torture ("CAT"). *In re Dalip Karpuzi*, No. A26 813 964 (B.I.A. May 15, 2006), *aff'g* No. A26 813 964 (Immig. Ct. N.Y. City Nov. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401, 406 (2d Cir.2005). We review *de novo* the application of law to facts, including the question of whether a type of mistreatment constitutes "torture" within the meaning of CAT. *San Chung Jo v. Gonzales,* 458 F.3d 104, 107 (2d Cir.2006).

■ Here, the IJ did not err in finding that Karpuzi's likelihood of facing discrimination in Macedonia did not make him eligible for relief under CAT. "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2); *see also Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir.2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Similarly, even if we fully credit Karpuzi's principal allegation—that he will be prevented from working in Macedonia—such mistreatment is not sufficiently severe to rise to the level of torture. *See Jo,* 458 F.3d at 110 (finding that definition of torture did not encompass deprivation of property such as destruction, theft, or expropriation).

■ In addition, substantial evidence supports the IJ's determination that the background materials did not establish the existence of "gross, flagrant or mass human rights violations" against ethnic Albanians in Macedonia. 8 C.F.R. § 208.16(c)(3)(iii). Although reports from Amnesty International describe incidents of torture of ethnic Albanians by the Macedonian police, the most recent State Department Country Report on Human Rights in the record (for 2003) indicates that the Macedonian government is "a parliamentary democracy with multiethnic party representation" that had, in the year covered by the report, "generally respected the human rights of its citizens." Thus, substantial evidence supported the IJ's determination that this background material did not establish that it is more likely than not that the petitioner will be tortured should he return to Macedonia. 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons the petition for review is DENIED.